**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

_____

| | |
|---|---|
| **JENNIFER M. PADRON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.** |
| | ) |
| **TIFT COUNTY SCHOOLS,** | ) |
| **COASTAL PLAINS REGIONAL** | )          **JURY DEMAND** |
| **EDUCATIONAL SERVICE** | ) |
| **AGENCY,** | ) |
| **LOWNDES COUNTY SCHOOLS,** | ) |
| **SAMUEL CLEMONS, and** | ) |
| **JENNIFER PORTER,** | ) |
| **Defendants.** | ) |

_____

## COMPLAINT

NOW COMES Plaintiff JENNIFER M. PADRON ("Padron" or
"Plaintiff") through undersigned counsel and makes her claims against
Defendants, Tift County Schools ("TCS"), Coastal Plaints Regional
Educational Service Agency ("CPRESA"), Lowndes County Schools
("LCS"), Samuel Clemons ("Clemons"), and Jennifer Porter ("Porter")
(TCS, CPRESA, LCS, Clemons, and Porter collectively "Defendants"),
showing the Court as follows:

1

## SUBJECT MATTER JURISDICTION

1.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq*., as amended ("Title VII"), for employment discrimination based on race, color, orientation, and retaliation. Jurisdiction is specifically conferred on the court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.

This action is also brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), as amended, for race and retaliation discrimination.

3.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

4.

This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973, *as amended* 29 U.S.C. § 701, *et seq*. ("Rehab Act"), and 34 C.F.R. § 104.1, *et seq*., and the Americans with Disabilities Act of 1990 (hereafter referred to as

"ADA"), *as amended*, 42 U.S.C. § 12101 *et seq*. (including the American with Disabilities Act Amendments Act of 2008), and 28 C.F.R. § 36.101, *et seq*.

5.

This action is also brought pursuant to 42 U.S.C. §1985 ("Section 1985"), as amended, for conspiracy to interfere with civil rights.

6.

Defendants Clemons and Porter are subject to Sections 1981 and 1985 claims but not Title VII, ADEA, and ADA/Rehab Act claims.

7.

These claims are federal questions under 28 U.S.C. § 1331 and civil rights matters under 28 U.S.C. § 1343, and jurisdiction and venue are proper in this court.

## **PERSONAL JURISDICTION**

8.

Defendant Tift County Schools (~469 employees) may be served through its Superintendent, Adam Hathaway, at 506 W. 12th Street, Tifton, Georgia 31794.

9.

Defendant Coastal Plains Regional Educational Service Agency may be served through its executive Director, Wes Taylor, who may be served at 245 N.

Robinson Street, Lenox, Georgia 31637 (Cook County).

10.

Defendant Lowndes County Schools (Over 1700 employees) may be served through its Superintendent, Dr. Shawn Haralson, at 1592 Norman Drive, Valdosta, Georgia 31601.

11.

Defendant Samuel Clemons is a resident of the State of Georgia and may be served at Horizon Academy Regional Office, 1500-A Lankford Drive, Valdosta, Georgia 31601 (Lowndes County).

12.

Defendant Jennifer Porter is a resident of the State of Georgia and may be served at Horizon Academy Regional Office, 1500-A Lankford Drive, Valdosta, Georgia 31601 (Lowndes County).

## **FACTS OF THE CASE**

13.

On or around August 27, 2021, Padron was hired as a Special Education Teacher by Defendants.

14.

The Horizon Academy Tifton is the location where Padron worked at all

times relevant to her complaint.

15.

Padron remained employed until the conclusion of her contract on September 1, 2022, but could not proceed with employer based on the circumstances described herein.

16.

The earliest date discrimination took place reported on Padron's EEOC charge is February 15, 2022.

17.

On February 15, 2022, a student in Padron's class was raging.

18.

As the student was being escorted from Padron's classroom, he held his hand out and faced it at Padron, making a gun out of his hand and clicking it, saying I'm going to kill you.

19.

After school that day, Padron attempted to file a criminal charge against the student at the courthouse, but did not have the necessary fees.

20.

On February 16, 2022, Padron was called to meet with Dr. Samuel

Clemons, Regional Director (African American male, black, age 68), and Jennifer Porter, Principal (Caucasian female, white, age 37).

21.

Dr. Clemons thereupon questioned Padron, "Do you think this is the right culture for you?  Perhaps, it is not the right culture for you."

22.

Dr. Clemons dissuaded Padron from filing criminal charges against the students that threaten her, purportedly because it would put a felony on their record.

23.

To save her job, Padron agreed that she was wrong in trying to file a criminal charge.

24.

Padron sought to invoke her civil rights to invoke process to protect herself.

25.

Padron had a right to pursue criminal process for criminal actions, which right was interfered with and denied.

26.

The discriminatory actions described herein, including but not limited to prevention of legal self-protection, have served to create a hostile work environment for Padron.

27.

At least Dr. Clemons and Ms. Porter conspired for the purpose of depriving Padron of the equal protection of the laws, the equal privileges and immunities under the laws, and for the purpose of preventing or hindering the constituted authorities of Georgia from giving or securing to Padron the equal protection of the laws.

28.

At least Dr. Clemons and Ms. Porter did, or caused to be done, acts in furtherance of the object of their conspiracy, whereby Padron was injured in her person and property, and deprived of having and exercising her rights and privileges of a citizen of the United States.

29.

The conspiracy to prevent Padron from pursuing her rights was successful.

30.

Padron is a woman of multi-racial heritage, being of Filipino, Chinese, and Spanish descent.  She is 58 years old and a gay woman.  She has brown skin, and is thus a member of protected classes.

31.

Padron was well-qualified for her position and had significant relevant experience.

32.

Padron's qualifications were not questioned prior to her attempted assertion of her rights.

33.

Padron was subjected to discriminatory treatment in the terms and conditions of her employment as descried above, being generally in the nature of harassment constituting a hostile work environment, acceptance of threats against Padron, and refusal of Defendants to address legitimate safety concerns in the manner provided for by law.

34.

Defendants' treatment of Padron was based on one or more discriminatory and unlawful grounds as described herein.

## COUNT I: RACE DISCRIMINATION UNDER TITLE VII

35.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

36.

Padron suffered the discriminatory treatment described herein based on her race, being of Filipino, Chinese, and Spanish descent.

37.

Padron's job skills and positive and productive work habits made her an asset to Defendants.

38.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

39.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

40.

Plaintiff's mistreatment has been improper and based on racial animus and actions of Defendants, their employees, officers, managers, and agents.

## COUNT II: COLOR DISCRIMINATION UNDER TITLE VII

41.

Paragraphs 1 to 40 incorporated herein by reference as if recited verbatim.

42.

Padron suffered the discriminatory treatment by Defendants described herein based on her brown skin color.

43.

Plaintiff's job skills and positive and productive work habits made her an asset to Defendants.

44.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

45.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

46.

Plaintiff's mistreatment has been improper and based on skin color and implemented by Defendants, their employees, officers, managers, and agents.

## COUNT III: GENDER DISCRIMINATON UNDER TITLE VII

47.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

48.

Padron suffered the discriminatory treatment by Defendants described herein based on her sex and orientation.  She is a gay woman and in addition to being discriminated against as a woman was discriminated against because she departed from stereotypes of what a woman should be like.

49.

Plaintiff's job skills and positive and productive work habits made her an asset to Defendants.

50.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

51.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

52.

Plaintiff's mistreatment has been improper and based on sex and orientation and implemented by Defendants, their employees, officers, managers, and agents.

## COUNT IV: RETALIATION DISCRIMINATION UNDER TITLE VII

53.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

54.

During Padron's discussions with Defendants described herein, it was suggested in response to her concerns that she was the problem.

55.

Defendants have retaliated against Padron by holding her in lower regard when she sought to take legal action to protect herself.

56.

Padron was retaliated against by being held in lower regard vis-à-vis her teammates.

57.

Plaintiff suffered the discriminatory treatment described herein based on her opposition to what she believed were unlawful and discriminatory employment

practices.

58.

Plaintiff's job skills and positive and productive work habits made her an asset to Defendants.

59.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

60.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

61.

Plaintiff's mistreatment has been improper and based on her protected statements to Defendants, their employees, officers, managers, and agents in opposition to her treatment.

## COUNT V: RACE DISCRIMINATION UNDER SECTION 1981

62.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

63.

The above Title VII points related to race discrimination (paragraphs

13

35 to 40) are incorporated herein by reference as if recited verbatim.

64.

Padron suffered the discriminatory treatment described herein based on her race.

65.

Padron's job skills and positive and productive work habits made her an asset to Defendants.

66.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

67.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

68.

Plaintiff's mistreatment and termination were improper and based on racial animus and actions of Defendants their employees, officers, managers, and agents, including Samuel Clemens and Jennifer Porter.

## COUNT VI: RETALIATION DISCRIMINATION UNDER SECTION 1981

69.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

70.

The above Title VII points related to race discrimination (paragraphs 35 to 40) are incorporated herein by reference as if recited verbatim

71.

Samuel Clemons indicated to Padron she did not fit in because she sought to assert her civil rights to self-protection through the courts.  This was in retaliation to Padron making this protected opposition to accepting unlawful abuse.

72.

Padron suffered the discriminatory treatment and constructive termination described herein based on her opposition to what she believed were unlawful and discriminatory employment actions and practices.

73.

Padron's job skills and positive and productive work habits made her an asset to Defendants.

74.

Suggestion otherwise than that Padron's job skills and productive work habit

made her an asset to Defendants is pretextual.

75.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

76.

Retaliation against Padron by Clemons, Porter, and others has been improper, discriminatory based on race, and based on her protected statements and opposition to and against Defendants, their employees, officers, managers, and agents, including Samuel Clemons and Jennifer Porter.

## **COUNT VII: AGE DISCRIMINATION UNDER ADEA DISPARATE TREATMENT**

77.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

78.

During Plaintiff's employment with Defendants, se encountered discriminatory treatment vis-à-vis similarly situated employees who were younger than 40 and over 40 but younger than Plaintiff.

79.

Said treatment was her supervisors and motivated based on Plaintiff's age.

As such, Plaintiff experienced a disparate treatment leading up to and ultimately including constructive termination.

80.

Said treatment was in the terms and conditions of Plaintiff's employment and caused her damages.

81.

Padron's job skills and positive and productive work habits made her an asset to Defendants.

82.

Suggestion otherwise than that Padron's job skills and productive work habit made her an asset to Defendants is pretextual.

83.

Suggestion otherwise than that Padron was entitled to legal protection she sought to procure is pretextual.

## COUNT VIII: DISABILITY DISCRIMINATION UNDER ADA AND REHAB ACT

84.

Paragraphs 1 to 34 incorporated herein by reference as if recited verbatim.

85.

Defendants' treatment of and constructive discharge of Padron violated the ADA and Rehab Act, which prohibit discrimination against qualified individuals because of an actual or perceived physical or mental impairment.

86.

Defendants intentionally, and with reckless indifference to Padron's rights, violated the ADA and Rehab Act by discriminating against Padron and constructively terminating her employment based on a perceived or actual physical or mental impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADA and Rehab Act.

87.

As a direct and proximate result of Defendants' intentional discrimination, Padron has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, all in an amount to be established at trial.

88.

In addition, Defendants' actions have caused, continue to cause, and will cause Padron to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established

at trial.

89.

Moreover, Padron is entitled to an award of damages for future lost wages and benefits of employment.

90.

At the time she discriminated against and her employment was constructively terminated, Padron had a record of disability as defined the ADA and Rehab Act in that she had a history of substantially limiting physical or mental impairments.

91.

Padron was also perceived and treated as if she had such a disability presently, though she was at all relevant time able to do her job.

92.

Defendants' constructive discharge of Padron violated the ADA and Rehab Act which prohibit discrimination against qualified individuals because of disability, real or perceived, including a record of disability.

93.

Defendants intentionally, with reckless indifference to Padron's rights, violated the ADA and Rehab Act by discriminating against Padron as described herein and constructively terminating Padron's employment, despite the ADA and

Rehab Act's clear prohibitions of taking adverse action against otherwise qualified

individuals based on a record of, perception of, or actual disability.

## COUNT IX: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER SECTION 1985

94.

After the attack on Plaintiff on February 15, 2022, by a student in Padron's

class, Plaintiff sought to press charges.

95.

Defendants were unconcerned that Plaintiff's life had been threatened.

96.

Defendants discouraged action with regard to the threat made against

Plaintiff's life.

97.

Plaintiff was dissuaded from seeking process to protect herself by

Defendants for fear of loss of her employment.

98.

The interference with Plaintiff's civil rights was a conspiracy of two or more

persons, improper and based on racial animus and actions of Defendants, their

employees, officers, managers, and agents, including Samuel Clemons and

Jennifer Porter, who together sought to deprive, directly and indirectly, Plaintiff

of the equal protection of the laws, and of equal privileges and immunities under

the laws, and who sought to prevent and hinder the constituted authorities of any

State or Terrietory from giving or securing to all persons within such State or

Territory the equal protection of the laws.

99.

Defendants, their employees, officers, managers, and agents injured Plaintiff

in her person and property and deprived her of having and exercising rights and

privileges of a citizen of the United States.

100.

One of more of Defendants, their employees, officers, managers, and agents

did or caused to be done acts in furtherance of the object of the conspiracy against

Plaintiff.

## **CHARACTERIZATIONS OF DISCRIMINATION**

101.

Defendants' conduct constitutes unlawful workplace discrimination

based upon race, color, sex, disability, age, and retaliation because no other

factors present explain or justify why Defendants, their employees, managers,

officers, and agents, including Samuel Clemens and Jennifer Porter, held Padron
in such low regard as to mistreat, condone threats to, and constructively
terminate Padron despite her good work and workplace contributions.

102.

Defendants' work environment was hostile to Padron, including but not
limited to statements and conduct described herein.

103.

This is an integrated complaint, so the factual allegations are not exclusive
to particular claims and each allegation supports each claim.  Thus, for example,
if the finder of fact or law should determine that the material covered under sex
discrimination was in fact racially motivated and not sex motivated, the facts
alleged should be construed as supporting the race and retaliation counts as well
as the sex count.

104.

The treatment Padron was subjected to amounted to discrimination in the
terms, conditions, and privileges of Padron's employment.

105.

The discrimination complained of herein is the cause of the treatment
administered overtly and under guise of pretext and is also the proximate cause of

Padron's damages.

## **DAMAGES AND DYNAMICS**

106.

Padron suffered loss of wages she otherwise would have earned because of promotion and pay raises from Defendants.  Such loss was because of the actions and inactions of Defendants.

107.

Since her constructive termination Padron has suffered loss of all of her wages, also because of the actions and inactions of Defendants.

108.

Padron suffered loss of increased benefits she otherwise would have had because of the actions and inactions of Defendants.

109.

Since her termination Padron has suffered loss of all of her benefits, also because of the actions and inactions of Defendants.

110.

Padron suffered and continues to suffer emotional distress and pain and suffering because of the actions and inactions of Defendants.

111.

Padron is entitled to punitive damages because of the actions and inactions of Defendants.

116. 112.

Defendants consciously disregarded Padron's civil rights.

113.

Defendants acted with reckless disregard as to whether their conduct violated the law.

114.

Defendants' actions are disparate treatment by treating Padron poorly because of her race and color and by treating Padron differently and worse than similarly situated employees not in her protected classes.

115.

Defendants' policies, even if facially neutral, had a disparate impact on employees of brown skin color and Padron's racial makeup, who fared much worse than the Caucasian employees under the policies.

## **ADMINISTRATIVE HISTORY**

116.

On August 16, 2022, an EEOC Charge was filed and given EEOC Charge Number 415-2022-0116, attached to Plaintiff's Complaint as Exhibit A and

incorporated herein by reference as if recited verbatim.

117.

On August 22, 2022, Plaintiff was given her Right to Sue Letter, attached hereto as Exhibit B.

WHEREFORE, Plaintiff Padron demands that she have trial by jury and judgment against Defendants as follows:

a)  For lost wages in an amount to be determined at trial;

b)  For lost benefits in an amount to be determined at trial;

c)  For compensatory damages in an amount to be determined at trial;

d)  For front pay in an amount to be determined at trial;

e)  For punitive damages in an amount to be determined at trial;

f)  For a declaratory judgment that Defendants' actions were unlawful;

g)  For injunctive relief in ordering Defendants to rehire and cease discriminatory mistreatment of Plaintiff;

h)  For such injunctive relief as the law may allow toward an order requiring Defendants to refrain from future discriminatory treatment of other individuals similar to Plaintiff;

i)  For her costs and expenses;

j)  For her attorney's fees; and

k)  For such other and further relief as is just, proper, or equitable.

This 21st day of November, 2022.

/S/ Drew Mosley
Drew Mosley
Attorney for Plaintiff
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan Street
Lawrenceville, GA 30046
Office Phone (678) 225-0098
Office Fax (678) 221-0230
Email: drew@mlawmail.com